The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This opinion is being issued in response to your recent questions regarding local police pension funds. Your questions are:
 (1) May the legislature set minimum benefits for retired police officers without regard to the amounts and/or percent of salary contributed by those receiving benefits?
 (2) Is it a violation of the equal protection clause of the U.S. Constitution and/or the Arkansas Constitution to award the minimum benefits set forth in A.C.A. § 24-11-424 to certain police retirees without increasing benefits by the same percentage to the other and future retirees?
RESPONSE
Question 1 — May the legislature set minimum benefits for retired policeofficers without regard to the amounts and/or percent of salarycontributed by those receiving benefits?
It is my opinion that the legislature may set minimum benefits for retired police officers without regard to the amounts and/or percent of salary contributed by those receiving benefits.
You have indicated that your question specifically relates to the provisions of A.C.A. § 24-11-424, which states:
 Retired police officers who are eligible to receive benefits from a policemen's pension and relief fund shall receive from the policemen's pension and relief fund a minimum monthly benefit of no less than three hundred fifty dollars ($350).
As you have noted, the minimum amount stated in A.C.A. § 24-11-424 is not based upon amounts contributed by those receiving benefits, nor does it reflect a percentage of the salaries of those receiving benefits. These factors, in my opinion, do not affect the validity of the required minimum.
I reach this conclusion on the basis of the fact that the local police pension funds governed by A.C.A. § 24-11-301 et seq. are creatures of the legislature. The legislature, therefore, is at liberty to construct the funds as it sees fit. The funds have been constructed so that the amounts of benefits received are not calculated on the basis of amounts contributed. Rather, they are to be calculated within certain minimums and maximums set by the legislature.
The starting point for calculating benefits is the retiree's salary. Pursuant to A.C.A. § 24-11-422, retirees are to receive one-half of their highest salary. However, this amount is, again, merely a starting point. The legislature has provided that if one-half of the retiree's salary is less than $350.00, then the retiree is to receive $350.00. In addition, the legislature has constructed the funds so as to authorize the boards of trustees who administer the funds to increase the benefits to be paid to retirees, under certain circumstances. See A.C.A. § 24-11-432. In no instance, however, is any retiree to receive more than 100% of his or her final salary. Id. See also Op. Att'y Gen. No. 94-335, a copy of which is attached.
The foregoing are the parameters that the legislature has set for the benefits that are to be paid to retired police officers under local police pension funds. These are wholly within the legislature's purview to establish, given that the funds themselves can exist only by virtue of the authority of the legislature to create them.
I must therefore conclude that the legislature has the power to enact changes in those parameters for benefits without regard to salaries or amounts contributed by retirees.
Question 2 — Is it a violation of the equal protection clause of theU.S. Constitution and/or the Arkansas Constitution to award the minimumbenefits set forth in A.C.A. § 24-11-424 to certain police retireeswithout increasing benefits by the same percentage to the other andfuture retirees?
It is my opinion that an award to some retirees of the increased minimum benefits set forth in A.C.A. § 24-11-424 (as amended by Acts 1993, No. 1197) without a corresponding proportionate increase in other retirees' benefits does not violate the equal protection clause of either the U.S. Constitution (am. 14) or of the Arkansas Constitution (art. 2, § 18).
The equal protection doctrine prohibits certain types of "classifications." (A classification is the disparate treatment of those who are similarly situated.) However, classifications in and of themselves do not violate the equal protection doctrine. In order to establish an equal protection violation arising out of a classification (i.e., a disparity) in retirement benefits, it is necessary to show that the disparity is arbitrary. That is, the disparity must be shown to have no rational basis. United States R.R. Retirement Bd. v. Fritz,449 U.S. 166 (1980); Hall v. Board of Trustees of Ark. Pub. Retirement Sys.,671 F.2d 269 (8th Cir. 1982), cert. den., 459 U.S. 822 (1982). Cf. Medlockv. Leathers, 311 Ark. 175, 842 S.W.2d 428 (1992), reh. denied, 1993;Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983) (applying the rational basis test to a statute creating a tax exemption that directly affected the real value of retirement benefits); City of Piggott v.Woodard, 261 Ark. 406, 549 S.W.2d 278 (1977) (applying the rational basis test to statutes having the effect of granting greater benefits at retirement to police officers than to other municipal employees).
In reviewing the constitutionality of a retirement benefit classification, the courts must not only presume the constitutionality of the challenged classification, but they must also uphold the classification even without requiring a showing of an actual rational basis, if any conceivable rational basis for the scheme can be adduced — even a hypothetical one. Id; Reed v. Glover, 319 Ark. 16, 889 S.W.2d 729
(1994); Arkansas Hospital Assoc. v. State Board of Pharmacy,297 Ark. 454, 763 S.W.2d 73 (1989).
Considering the retirement benefits classification of A.C.A. § 24-11-424
in light of the above-cited precepts, I find that a rational basis for the classification is conceivable. The legislature could well have determined that the amount of $350.00 per month was in line with cost of living indications, and that all retirees should therefore receive at least that amount. A determination of this nature would necessarily have the result that some retirees would receive increases, whereas others would not.
In light of this possible basis for the disparate treatment of retirees, I must conclude that the classification is constitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh